UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | Case No. 22-33814 |
| AUTOVOCITY TRANSPORT, LLC | § | |
| | § | |
| Debtor | § | Chapter 11 |

**RESPONSE TO OBJECTION TO PROOF OF CLAIM NO. 4
FILED BY VIVIAN CAPITAL GROUP, LLC**

Vivian Capital Group ("Vivian Capital"), by and through its undersigned counsel, for its Response to Objection to Proof of Claim No. 4 Filed by Vivian Capital Group, LLC states as follows:

**BACKGROUND**

On August 3, 2022, Vivian Capital entered into an agreement with the Debtor under which it purchased receivables from the Debtor. Vivian Capital obtained a security interest in connection with that transaction that was perfected.

Vivian Capital filed a proof of claim in this case in March 3, 2023, one day after the deadline to file proofs of claim in this case, because its counsel inadvertently calendared March 3, 2023 as the deadline for filing claims in this case. Counsel for Vivian Capital was not even aware the deadline was actually March 2, 2023 until the claim objection was filed.

The claim that was filed by Vivian Capital included the agreement between the Debtor and Vivian Capital and the UCC-1 Financing Statement. The claim filed by Vivian Capital is based on the amount of receivables that were purchased under the agreement that had not yet been collected by Vivian Capital as of the petition date.

The Debtor filed an objection to the claim on March 13, 2023 arguing that it should be denied because (i) it was filed one day after the deadline to file claims, (ii) the documentation

attached to the claim is purportedly insufficient and (iii) because the claim is purportedly wrongly characterized as secured. For the reasons more fully stated below, the objection should be denied and the claim should be allowed.

I.  **The Claim Should be Considered Timely under the *Pioneer* Factors**

The Debtor first argues that the proof of claim should be disallowed because it was filed one day after the deadline. Fed. R. Bankr. P. 9006(b)(1) empowers a bankruptcy court to permit a late-filed proof of claim if the failure to comply with a deadline to file a proof of claim was the result of excusable neglect. *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395, 113 S.Ct. 1489, 123 L.Ed. 2d 74 (1993). In *Pioneer*, the Supreme Court set forth four factors for courts to consider to determine whether a late filed claim may be allowed. These factors are: (1) the reason for the delay, (2) whether the movant acted in good faith, (3) the danger of prejudice to the non-movant, and (4) the length of delay and its potential impact on judicial proceedings.

Here, the proof of claim was filed one day after the deadline. The claim was filed on March 3, 2023, rather than March 2, 2023. The claim was filed on March 3, 2023 because that is the deadline for filing proofs of claim that had been calendared by counsel for Vivian Capital. The calendaring of March 3, 2023 as the deadline to file proofs of claim, rather than March 2, 2023 was an inadvertent mistake. It was not until the claim objection was filed that counsel for Vivian Capital even knew that the deadline was actually March 2, 2023, not March 3, 2023. The claim was filed in good faith with the mistaken belief that the deadline was March 3, 2023 due to the deadline to file claims being inadvertently calendared as March 3, 2023. If counsel for Vivian Capital had known the deadline had passed when the claim was filed, a motion to allow the late

claim for the reasons stated herein would have certainly been filed. But again, it was not even until the objection was filed that counsel for Vivian Capital knew the claim was filed after the deadline.

There is no danger of prejudice to the Debtor by allowing the claim nor would there be any impact on the proceedings. The claim was filed one day after the deadline. The Debtor did not even file its Plan until March 20, 2023 – well after the claim was filed – and confirmation is not even scheduled to occur until May 16, 2023.

As all of the *Pioneer* factors weigh in favor of allowance of the claim, Vivian Capital asks that this Honorable Court deny the objection and allow its claim.

## II.     Sufficient Documentation Was Provided to Substantiate the Claim

Fed. R. Bankr. P. 3001(c) details the supporting information that must be filed with a proof of claim. Vivian Capital filed all supporting information required by Fed. R. Bankr. P. 3001(c). As the claim is based on a writing, Vivian Capital was required to attach the writing on which the claim was based to its claim. None of the other supporting documentation outlined in Rule 3001(c) relates to Vivian Capital's claim. Vivian Capital included its agreement with the Debtor as an attachment to the proof of claim and the Debtor acknowledges that the agreement was attached to the claim in its objection.

Fed. R. Bankr. P. 3001(d) provides that if a security interest in the property of the debtor has been claimed then the proof of claim must be accompanied by "evidence that the security interest has been perfected." Evidence of the security interest and that it was perfected was attached to the claim. The agreement between the Debtor and Vivian Capital that was attached to the claim includes the security agreement. Vivian Capital also attached the UCC-1 Financing Statement that it filed.

The Debtor asserts in its objection that sufficient documentation was not provided because Vivian Capital did not "offer a record of accounting" and "provide documentation illustrating actions by the Debtor to repay the debt." Fed. R. Civ. P. 3001 does not require that either of those items be attached to a claim.

As its claim included all that was required to be included under Fed. R. Bankr. P. 3001, the claim is prima facie valid. The Debtor had the burden of coming forth with evidence to rebut the prima facie validity of the claim and has failed to do so. As such, the objection should be denied and the claim allowed.

Finally, it is worth noting that the sole bases for disallowance of a claim are set forth in Section 502 of the Bankruptcy Code. Lack of sufficient documentation attached to the claim is not a basis to disallow a claim.

### III.     Claim was Correctly Characterized as a Secured Claim in the Proof of Claim

Finally, the Debtor asserts that the claim should be disallowed because Vivian Capital wrongfully characterizes its claim as fully secured and states that the claim is not fully secured because other creditors have security interests that supersede Vivian Capital's security interest. The claim was filed as a secured claim because Vivian Capital clearly has a security interest in property that was properly perfected. Evidence of the security agreement and perfection was attached to the claim. That is all that is required for a claim to be a filed as a secured claim and filing the claim as secured when the Debtor believes it is unsecured is not a basis to disallow a claim.

What the Debtor appears to be asking for a Section 506 determination in a claim objection. That is improper. Section 506 of the Bankruptcy Code sets forth a claim framework for determining the extent to which a claim is secured. As the extent to which Vivian Capital's claim

is secured is a separate determination from whether its claim should be allowed or disallowed and the secured or unsecured status of a claim is not a basis for disallowance of a claim, the objection should be denied and the claim should be allowed.

        Respectfully Submitted,

        KAMINSKI LAW, PLLC

        */s/ Shanna M. Kaminski*
        Shanna M. Kaminski
        P.O. Box 247
        Grass Lake, Michigan 49240
        (248) 462-7111
        skaminski@kaminskilawpllc.com
        *Lead Counsel for Creditor*

        PADFIELD & STOUT, L.L.P.
        420 Throckmorton Street, Suite 1210
        Fort Worth, Texas 76102
        (817) 338-1616 phone
        (817) 338-1610 fax

        */s/ Brandon J. Gibbons*
        Mark W. Stout
        State Bar I.D. #24008096
        mstout@padfieldstout.com
        Brandon J. Gibbons
        State Bar I.D. #24082516
        bgibbons@padfieldstout.com
        *Local Counsel for Creditor*

**CERTIFICATE OF SERVICE**

      The undersigned converted the foregoing document into an electronic image, via portable document format (.pdf), and electronically submitted same to the Internet web portal for the Clerk of this Court utilizing the Electronic Management and Electronic Case Filing system of the Court, which has caused service, via Simple Mail Transfer Protocol (e-mail), of a Notice of Electronic Filing of this imaged document to the below-identified parties on Wednesday, April 12, 2023; said e-mail provides an attributable hyperlink to the document, in portable document format, except for Debtor(s), and any other entity so identified below or on the EM/ECF filing sheet, whereas in that instance such document was mailed via First Class United States Mail, to-wit:

| | |
|---|---|
| **AutoVocity Transport, LLC**<br>2925 Richmond Ave., Suite 1200<br>Houston, TX 77098<br><br>*Debtor* | **Robert C. Lane**<br>The Lane Law Firm<br>6200 Savoy Drive, Suite 1150<br>Houston, Texas 77036<br><br>*Attorney for Debtor* |
| **U.S. Trustee**<br>Office of the U.S. Trustee<br>515 Rusk Ave., Suite 3516<br>Houston, Texas 77002 | **Alicia Lenae Barcomb**<br>Office of the U.S. Trustee<br>515 Rusk Ave., Suite 3516<br>Houston, Texas 77002<br><br>*Attorney for UST* |
| **All those receiving ECF notification in this case and the attached list of 20 largest unsecured creditors** | |

                                                                      /s/ Brandon J. Gibbons<br>
                                                                      Brandon J. Gibbons