UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | Case No. 22-33814 |
| AUTOVOCITY TRANSPORT, LLC | § | |
| | § | |
| Debtor | § | Chapter 11 |

**OMNIBUS RESPONSE TO OBJECTIONS TO PROOF OF CLAIM NO. 5 AND PROOF OF CLAIM NO. 6 FILED BY SIMPLY FUNDING, LLC**

Simply Funding, LLC ("Simply Funding"), by and through its undersigned counsel, for its Omnibus Response to Objections to Proof of Claim No. 5 and Proof of Claim No. 6 Filed by Simply Funding states as follows:

**BACKGROUND**

On July 6, 2022, Simply Funding entered into an agreement with the Debtor under which it purchased receivables from the Debtor. Simply Funding obtained a security interest in connection with that transaction that was perfected.

Simply Funding filed the proofs of claim on March 3, 2023, one day after the deadline to file proofs of claim in this case, because its counsel inadvertently calendared March 3, 2023 as the deadline for filing claims in this case.[1] Counsel for Simply Funding was not even aware the deadline was actually March 2, 2023 until the claim objection was filed.

The claims that were filed by Simply Funding included the agreement between the Debtor and Simply Funding and the UCC-1 Financing Statement. The claims filed by Simply Funding are based on the amount of receivables that were purchased under the agreement that had not yet been collected by Simply Funding as of the petition date.

---

[1] Both Simply Funding and its counsel filed claims in this case on March 3, 2023 due to a misunderstanding on whom would file the claim. Both claims are based on the same agreement.

The Debtor filed objections to the claims on March 13, 2023 arguing that they should be denied because (i) they were filed one day after the deadline to file claims, (ii) the documentation attached to the claims is purportedly insufficient and (iii) because the claims are purportedly wrongly characterized as secured. For the reasons more fully stated below, the objections should be denied and the claims should be allowed.

## ARGUMENT

I.  **The Claim Should be Considered Timely under the *Pioneer* Factors**

Fed. R. Bankr. P. 9006(b)(1) empowers a bankruptcy court to permit a late filed proof of claim if the failure to comply with a deadline to file a proof of claim was the result of excusable neglect. *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395, 113 S.Ct. 1489, 123 L.Ed. 2d 74 (1993). In *Pioneer*, the Supreme Court set forth four factors for courts to consider to determine whether a late filed claim may be allowed. These factors are: (1) the reason for the delay, (2) whether the movant acted in good faith, (3) the danger of prejudice to the non-movant, and (4) the length of delay and its potential impact on judicial proceedings.

Here, the proof of claim was filed one day after the deadline. The claim was filed on March 3, 2023, rather than March 2, 2023. The claim filed by counsel for Simply Funding was filed on March 3, 2023 because that is the deadline for filing proofs of claim that had been calendared by counsel for Simply Funding. The calendaring of March 3, 2023 as the deadline to file proofs of claim, rather than March 2, 2023 was an inadvertent mistake. It was not until the claim objection was filed that counsel for Simply Funding even knew that the deadline was actually March 2, 2023, not March 3, 2023. The claim was filed in good faith with the mistaken belief that the deadline was March 3, 2023 due to the deadline to file claims being inadvertently calendared as March 3, 2023. If counsel for Simply Funding had known the deadline had passed when the claim was filed,

a motion to allow the late claim for the reasons stated herein would have certainly been filed. But again, it was not even until the objection was filed that counsel for Simply Funding knew the claim was filed after the deadline.

There is no danger of prejudice to the Debtor by allowing the claim nor would there be any impact on the proceedings. The claim was filed one day after the deadline. The Debtor did not even file its Plan until March 20, 2023 – well after the claim was filed – and confirmation is not even scheduled to occur until May 16, 2023.

As all of the *Pioneer* factors weigh in favor of allowance of the claim, Simply Funding asks that this Honorable Court deny the objection and allow its claim.

**II.     Sufficient Documentation Was Provided to Substantiate the Claim**

Fed. R. Bankr. P. 3001(c) details the supporting information that must be filed with a proof of claim. Simply Funding filed all supporting information required by Fed. R. Bankr. P. 3001(c). As the claim is based on a writing, Simply Funding was required to attach the writing on which the claim was based to its claim. None of the other supporting documentation outlined in Rule 3001(c) relates to Simply Funding's claim. Simply Funding included its agreement with the Debtor as an attachment to the proof of claim and the Debtor acknowledges that the agreement was attached to the claim in its objection.

Fed. R. Bankr. P. 3001(d) provides that if a security interest in the property of the debtor has been claimed then the proof of claim must be accompanied by "evidence that the security interest has been perfected." Evidence of the security interest and that it was perfected was attached to the claim. The agreement between the Debtor and Simply Funding that was attached to the claim includes the security agreement. Simply Funding also attached the UCC-1 Financing Statement that it filed.

The Debtor asserts in its objection that sufficient documentation was not provided because Simply Funding did not "offer a record of accounting" and "provide documentation illustrating actions by the Debtor to repay the debt." Fed. R. Civ. P. 3001 does not require that either of those items be attached to a claim.

As its claim included all that was required to be included under Fed. R. Bankr. P. 3001, the claim is prima facie valid. The Debtor had the burden of coming forth with evidence to rebut the prima facie validity of the claim and has failed to do so. As such, the objection should be denied and the claim allowed.

Finally, it is worth noting that the sole bases for disallowance of a claim are set forth in Section 502 of the Bankruptcy Code. Lack of sufficient documentation attached to the claim is not a basis to disallow a claim.

### III. The Claim Was Correctly Characterized as a Secured Claim

Finally, the Debtor asserts that the claim should be disallowed because Simply Funding wrongfully characterizes its claim as fully secured and states that the claim is not fully secured because other creditors have security interests that supersede Simply Funding's security interest. The claim was filed as a secured claim because Simply Funding clearly has a security interest in property that was properly perfected. Evidence of the security agreement and perfection was attached to the claim. That is all that is required for a claim to be a filed as a secured claim and filing the claim as secured when the Debtor believes it is unsecured is not a basis to disallow a claim.

What the Debtor appears to be asking for a Section 506 determination in a claim objection. That is improper. Section 506 of the Bankruptcy Code sets forth a claim framework for determining the extent to which a claim is secured. As the extent to which Simply Funding's claim

is secured is a separate determination from whether its claim should be allowed or disallowed and the secured or unsecured status of a claim is not a basis for disallowance of a claim, the objection should be denied and the claim should be allowed.

Respectfully Submitted,

KAMINSKI LAW, PLLC

/s/ Shanna M. Kaminski
Shanna M. Kaminski
P.O. Box 247
Grass Lake, Michigan 49240
(248) 462-7111
skaminski@kaminskilawpllc.com
*Lead Counsel for Creditor*

PADFIELD & STOUT, L.L.P.
420 Throckmorton Street, Suite 1210
Fort Worth, Texas 76102
(817) 338-1616 phone
(817) 338-1610 fax

/s/ Brandon J. Gibbons
Mark W. Stout
State Bar I.D. #24008096
mstout@padfieldstout.com
Brandon J. Gibbons
State Bar I.D. #24082516
bgibbons@padfieldstout.com
*Local Counsel for Creditor*

## **CERTIFICATE OF SERVICE**

The undersigned converted the foregoing document into an electronic image, via portable document format (.pdf), and electronically submitted same to the Internet web portal for the Clerk of this Court utilizing the Electronic Management and Electronic Case Filing system of the Court, which has caused service, via Simple Mail Transfer Protocol (e-mail), of a Notice of Electronic Filing of this imaged document to the below-identified parties on Wednesday, April 12, 2023; said e-mail provides an attributable hyperlink to the document, in portable document format, except for Debtor(s), and any other entity so identified below or on the EM/ECF filing sheet, whereas in that instance such document was mailed via First Class United States Mail, to-wit:

| | |
|---|---|
| **AutoVocity Transport, LLC** <br> 2925 Richmond Ave., Suite 1200 <br> Houston, TX 77098 <br><br> *Debtor* | **Robert C. Lane** <br> The Lane Law Firm <br> 6200 Savoy Drive, Suite 1150 <br> Houston, Texas 77036 <br><br> *Attorney for Debtor* |
| **U.S. Trustee** <br> Office of the U.S. Trustee <br> 515 Rusk Ave., Suite 3516 <br> Houston, Texas 77002 | **Alicia Lenae Barcomb** <br> Office of the U.S. Trustee <br> 515 Rusk Ave., Suite 3516 <br> Houston, Texas 77002 <br><br> *Attorney for UST* |
| **All those receiving ECF notification in this case and the attached list of 20 largest unsecured creditors** | |

    /s/ Brandon J. Gibbons
    Brandon J. Gibbons